CHOI & ITO
Attorneys At Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor and
Debtor-in-Possession

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>IBIS NETWORKS, INC.,<br><br>        Debtor and Debtor-<br>        in-Possession.<br><br>80722 | Case No. 19-01083<br>(Chapter 11)<br><br>MOTION FOR ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES; DECLARATION OF ALLISON A. ITO IN SUPPORT OF MOTION<br><br>HEARING<br>DATE:   [To be assigned]<br>TIME:    [To be assigned]<br>Judge:   Hon. Robert J. Faris |

1

# MOTION FOR ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES

IBIS NETWORKS, INC., debtor and debtor-in-possession ("Debtor" or "Company"), hereby moves this Court for the entry of an order establishing interim fee application and expense reimbursement procedures.

This motion is made pursuant to Section 331 of the Bankruptcy Code, and is based upon the record in this case and the attached Memorandum in Support of Motion, the attached Declaration of Allison A. Ito, and the Omnibus Declaration Of Sivapriya Vijayakumar In Support Of First Day Motions, and such argument of counsel as may be made at the hearing on the motion.

In support of its Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is made pursuant to 11 U.S.C. § 331, Bankruptcy Rule 2016, and LBR 2016.

## GENERAL BACKGROUND

4. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 27, 2019.

5. The Debtor continues to operate and manage its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Omnibus Declaration of Sivapriya Vijayakumar in Support of First Day Motions filed contemporaneously herein is incorporated herein by reference.

## RELIEF REQUESTED

7. In connection with the administration of this Chapter 11 case, the Debtor will seek immediate authorization to hire Choi & Ito as bankruptcy counsel. The Debtor may employ other professionals (collectively, the "Professionals") as necessary.

8. Furthermore, in the event that an Unsecured Creditors' Committee (the "Committee") is formed, the Committee may also employ Professionals, and its Members may also seek reimbursement for out-of-pocket expenses from the Debtor.

9. The Debtor anticipates the need for a substantial amount of assistance from the Professionals, which in turn will generate a significant amount of fees and costs on a monthly basis during the course of this case.

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 5   Filed  08/27/19   Page 3 of 10

10. If payment to the Professionals is delayed until quarterly fee applications are approved, the Professionals effectively will be forced to finance a significant portion of the administration of this case. The Debtor understands that this would place an undue hardship on the Professionals.

11. The Debtor believes that it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to all Professionals whose employment on a continuing basis has been duly authorized by this Court.

12. The Debtor has obtained a large DIP financing commitment and believes that it can pay on a monthly basis all professional fees and expenses incurred for services rendered by the Professionals: (i) without jeopardizing payment of any of the other post-petition operating expenses.

13. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code. Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. <u>After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement</u>.

11 U.S.C. § 331 (emphasis added).

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 5   Filed  08/27/19   Page 4 of 10

Section 102(1) provides that "after notice and a hearing":

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if –
>
> > ( i ) such a hearing is not requested timely by a party in interest . . .

11 U.S.C. § 102(1).

14. As the Bankruptcy Appellate Panel for the Ninth Circuit has observed, one cannot ignore "the problem, arising especially in large cases, that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent." United States Trustee v. Knudsen Corp. (In re Knudsen Corp.), 84 B.R. 668, 672 (9th Cir. B.A.P. 1988) (footnote omitted).

15. That Congressional intent is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 5   Filed  08/27/19   Page 5 of 10

payments. The court is authorized to allow and order disbursements to the applicant of compensation that is otherwise allowable under section 330.

H.R. Rep. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. 989, 95th Cong., 2d Sess. 41-2 (1978).

16. The Debtor believes it appropriate for the Court to adopt the following procedure for awarding interim compensation and reimbursement of expenses to all Professionals employed at the expense of the estate in this case pursuant to an order of this Court:

> a. Professionals shall be authorized to serve upon the Debtor, Office of the United States Trustee, secured creditor Bank of Hawaii, James J. Pappas, and the Committee (if and when one is formed) (collectively, the "Notice Parties"), on a monthly basis, an itemized monthly statement ("Interim Fee Statement") in the form and with the content that satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and LBR 2016, setting forth the date, the nature of the services rendered, and the time expended by each professional for which fees are requested. The Interim Fee Statement need not be filed with the Court.
>
> b. If no written objection ("Objection") is served within 14 days of service of the Interim Fee Statement by any of the Notice Parties, the Debtor shall be authorized to pay 100% of the costs and 80% of the fees requested to the Professionals. Any Objection must be served on the professional who submitted the interim fee statement, and all of

6

the Notice Parties, but need not be filed with the Court.

    c.    If a timely Objection to an Interim Fee Statement is made, the affected professional and the objecting party shall attempt to resolve the Objection. The Debtor shall pay that portion of the Interim Fee Statement of the affected professional which is undisputed pending resolution of the Objection. If the parties cannot resolve the Objection, the matter will be resolved by the Court.

    d.    To be eligible to receive payments under this interim compensation procedure, Professionals must file interim fee applications with the Court, not less than once every 120 days from the date of retention. Any interim application shall set forth the full amount of compensation and reimbursement of costs and expenses requested, including that previously paid. Failure to file interim fee applications in accordance with this procedure will disqualify the professional from seeking compensation on a monthly basis until the professional complies with this procedure.

17.    Finally, the Debtor anticipates that members of any Committee may each incur out-of-pocket expenses associated with serving as a member of the Committee. The Debtor believes it is necessary and appropriate to establish a procedure for the reimbursement of such expenses. On a periodic basis, no more frequently than monthly, each representative of a Committee member (not to exceed one representative per Committee member unless authorized in advance by the Debtor) shall serve upon the Notice Parties an itemized statement setting forth

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 5   Filed 08/27/19   Page 7 of 10

the expenses for which reimbursement is requested. The Debtor proposes to reimburse 100% of such expenses if they find the statement is in order. Upon request of the Debtor, the person requesting reimbursement shall be required to provide copies of the invoices or receipts for such expenses in excess of $100.00. Committee member expenses need not be approved pursuant to any interim or final fee application process, unless necessary to resolve any pending objection to a reimbursement request.

18. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code. This Court has adopted this procedure in other large cases filed in this district. See, e.g., In re M Waikiki, LLC, Case No. 11-02371; In re Hawaii Medical Center, Case No. 11-01746; In re Grove Farm Fish & Poi, Case No. 10-03340; In re Hawaiian Springs, LLC, Case No. 17-01348.

## CONCLUSION

**WHEREFORE,** the Debtor requests that this Court enter an order establishing interim fee application and expense reimbursement procedures as described above, and for such other and further relief as this Court deems just.

DATED: Honolulu, Hawaii, August 27, 2019.

/s/Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO
Proposed Attorneys for Debtor and
Debtor-in-Possession

8

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>IBIS NETWORKS, INC.,<br><br>        Debtor and<br>        Debtor-in-Possession. | BK. NO. 19-01083<br>(Chapter 11)<br><br>DECLARATION OF ALLISON A. ITO |

## **DECLARATION OF ALLISON A. ITO**

I, ALLISON A. ITO, hereby declare under penalty of perjury that:

1. I am an attorney duly licensed to practice before all courts of the State of Hawaii and before the United States District Court for the District of Hawaii, and am a partner in the law firm of Choi & Ito (the "Firm"), proposed bankruptcy counsel for IBIS NETWORKS, INC., debtor and debtor-in-possession ("Debtor"). I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness.

2. I have reviewed the Motion in Support of the Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures (the "Motion"), and to the best of my knowledge, information and belief, the Debtor's retention of the Firm in this case would work a hardship on the Firm if it could only be paid on a tri-annual basis.

80722

1

3. The Firm is comprised of two partners. Due to the size, nature, and complexity of this case, it is likely to involve both attorneys of the Firm for substantial periods of the case.

4. The proposed interim procedures have worked successfully in other cases in this district, and the Firm has complied with similar interim procedures implemented in other cases.

Dated: Honolulu, Hawaii, August 27, 2019.

/s/ Allison A. Ito
ALLISON A. ITO