CHOI & ITO
Attorneys At Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re | BK. NO. 19-01083 (Chapter 11) |
|---|---|
| IBIS NETWORKS, INC., | HEARING |
| Debtor and Debtor-in-Possession. | DATE: To be set<br>TIME: To be set<br>JUDGE: Hon. Robert J. Faris |

### OMNIBUS DECLARATION OF SIVAPRIYA VIJAYAKUMAR IN SUPPORT OF FIRST DAY MOTIONS

I, Sivapriya Vijayakumar, hereby declare that, I am over the age of 18 years old, and I competent to make this declaration and I make this declaration upon my personal knowledge, except as otherwise stated. If called and sworn as a witness, I could and would testify competently thereto.

1

1. I am the President and COO for IBIS NETWORKS, INC., a Delaware corporation, the debtor and debtor-in-possession (the "Debtor").

2. From July 2, 2018, through January 2019, I was a Product & Strategy Consultant for the Debtor. In January, 2019, I became employee of the Debtor. Initially, I was the Vice President of Product and in August 2019, I became President and COO of the Debtor. Prior to that I am familiar with the Debtor's operations, history, books and records.

3. Unless otherwise stated, I make this declaration upon my own personal knowledge and my review of Debtor's books, files, and business records.

4. This Declaration is submitted in Support of the Debtor's First Day Motions, including:

- Application to Employ Choi & Ito as General Bankruptcy Counsel to the Debtor

- Motion For Order Establishing Interim Fee Application And Expense Reimbursement Procedures ("Interim Fee Application Motion")

- Motion For Order Authorizing Debtor to Obtain Postpetition Secured Indebtedness; (ii) Grant Security Interests and Superpriority Claims; (iii) Use Cash Collateral; and (iv) Schedule Final Hearing ("Cash Collateral/DIP Motion")

- Motion For Order Authorizing Debtor To Pay Pre-Petition Wages And Other Employment-Related Costs And Expenses And To Honor Pre-Petition Employee Benefits ("Wage Motion")

## Incorporation of Debtor and Historical Financial Information

5. The Debtor is an energy management and data analytics company. The Debtor developed technology for a "plug load management system" and is a full stack (or full service) company, meaning that not only does it develop the technology, but also sells the complete product, and provides customer service and operational expertise.

6. The Debtor developed both the "smart" electrical socket technology and the software code and owns the intellectual property. The Debtor sells "smart" electrical sockets that are installed in existing electrical outlets, and grants companion software licenses (renewable annually) which permits customers to, among other things, give the customer real time data (such as erratic or excessive energy use which often precedes device failure, alerts when equipment is on or off when it should not be) and control over the electrical equipment (such as power down equipment when the office is empty).

7. The socket hardware is currently manufactured in China, but the Debtor is looking to transitioning the manufacturing operations to Vietnam.

8. In 2013, the Debtor was spun out from Oceanit Laboratories, Inc. ("Oceanit"). Oceanit holds approximately 5,610,169 (or approximately 30%) of the total Company shares. There are 41 other shareholders consisting of local and private equity investors.

**Operations, Chapter 11 Petition and Need for DIP Financing.**

9. The Debtor's primary office is located in Honolulu, Hawaii. The office space is leased from Davies Pacific LLC pursuant to a lease dated December 9, 2015 (as amended by that certain First Amendment of Lease effective as of August 1, 2017, the "Office Lease"). The Office Lease is set to expire on July 31, 2020. The monthly base rent due under the Office Lease is currently $2,380.88 (and with CAM, $4,783.16).

10. The Debtor currently has approximately eight employees, including five based out of the Honolulu Office, including engineering and administrative/bookkeeping employees. The remaining three employees are based in California and Washington state, and are engineering employees.

11. From 2013 through July 2018, Michael Pfeffer served as CEO of the company. From July 2018 through early August 2019, Andrew Colman was the CEO and a member of the Debtor's board of directors. Mr. Colman resigned due to health issues. The current President, Secretary and COO is Sivapriya Vijayakumar.

12. Initially, the Debtor developed the technology for use by the U.S. Military. However, it is currently used by educational, health and science sector.

13. The Debtor released its product in 2015. The Debtor currently has 14 customers to whom it provides support, however, only one of those (Med-Immune,

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 8   Filed  08/27/19   Page 4 of 10

a subsidiary of AstraZeneca) is a recurring revenue generating customer. Four (4) of the 12 customers converted from early pilots. The non-revenue generating customers continue to provide feedback on the Debtor's product and services.

14. As a startup, the Debtor operated at a loss:

| Year | Net Operating Loss |
|---|---|
| 2013 | $257,559 |
| 2014 | $721,205 |
| 2015 | $528,146 |
| 2016 | $1,618,941 |
| 2017 | $891,207 |
| 2018 | $1,176,161 |
| January - July 2019 | $1,072,871 |

15. As of the Petition Date, the Debtor's secured creditor is Bank of Hawaii ("BOH" or "Secured Lender") which has loaned approximately $750,000 pursuant to a revolving line of credit. On April 1, 2016, BOH extended a line of credit to the Debtor in an original principal amount up to $500,000, and subsequently increased from $500,000 to $750,000 (the "BOH Loan") pursuant to a Change in Terms agreement dated March 28, 2017. James J. Pappas trustee of the James. J. Pappas Trust dated April 11, 1988 is a co-borrower for the BOH Loan

5

and James J. Pappas, individually, guaranteed the BOH Loan. BOH has a blanket lien on substantially all of the Debtor's assets pursuant to a UCC Financing Statement filed with the Delaware Secretary of State ("DE SOS") on April 4, 2016 as Document No. 20161994365, to secure the commercial line of credit with a current outstanding balance of approximately $753,417.10 as of August 4, 2019.

16. In 2018, during a series of convertible note offerings, the Debtor raised approximately $2.5 million. $2 million of which was from James J. Pappas.

17. In addition, James Pappas advanced the Debtor $750,000 on an unsecured basis in 2019 to cover the Debtor's operating expenses.

18. On August 26, 2019 (the "Petition Date"), the Debtor filed an emergency petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

19. As of the Petition Date, the Debtor has:

(a) Cash of approximately $37,000.00;

(b) Inventory located in Hawaii and inventory being manufactured in China; and

(c) Minimal receivables.

20. The Debtor has approximately $2.3 million in accounts payable.

**A. MOTION FOR DIP FINANCING/CASH COLLATERAL**

21. The Debtor has an immediate need to use cash collateral and to borrow funds from Pappas on the terms set forth in the Motion for Order
6

Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) (the "DIP Financing/Cash Collateral Motion").

22. All of the facts set forth in the DIP Financing/Cash Collateral Motion are true and correct to the best of my knowledge, information and belief.

23. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "A" is a true and correct copy of the DIP Term Sheet.

24. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "B" is a true and correct copy of the Debtor's Budget.

25. I believe that the terms of the proposed debtor-in-possession financing from DIP Lender are reasonable under the circumstances, and in the best interests of this bankruptcy estate and creditors.

26. Prior to the Petition Date, the Debtor sought financing from its existing shareholders but we were not able to raise capital. The Debtor has not been able to obtain financing.

27. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "C" is a true and correct copy of the UCC-HI Report dated August 15, 2019.

28. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "D" is a true and correct copy of the UCC-DE Report (as of August 19, 2019).

## B. APPLICATION FOR ORDER APPROVING EMPLOYMENT OF CHOI & ITO AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR

29. In the *Application for Order Approving Employment of Choi & Ito as Counsel to Debtor* ("Employment Application"), the Debtor moves the Court for an interim and final order authorizing the Debtor to retain Choi & Ito ("C&I") as its general counsel for its Chapter 11 bankruptcy proceedings.

30. I am informed C&I has considerable experience in representing debtors under chapter 11 of the Bankruptcy Code. The Debtor believes that it is in the best interest of the Debtor's estate that C&I be employed to represent the Debtor effective as of the Petition Date on an interim basis as the Debtor cannot appear *pro se*.

## C. INTERIM FEE PROCEDURES MOTION

31. I have reviewed the *Motion For Order Establishing Interim Fee Application And Expense Reimbursement Procedures* ("Interim Fee Procedures Motion"). All of the facts set forth in the Interim Fee Procedures Motion are true and correct to the best of my knowledge, information and belief.

32. The proposed procedure, if approved, would permit professionals to be compensated and reimbursed for expenses incurred on an interim basis and in a reasonably contemporaneous manner, subject, however, to oversight and review by

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 8   Filed  08/27/19   Page 8 of 10

the Debtor, BOH, Pappas, any committee, the Office of the U.S. Trustee, and the Court.

33. I believe that the Motion to Establish Interim Compensation Procedure is in the best interests of the Debtor and that it should be granted.

**D. WAGE MOTION**

34. I have reviewed the *Motion for Order Authorizing Debtor to Pay Pre-Petition Wages and Other Employment-Related Costs and Expenses and to Honor Pre-Petition Employee Benefits* (the "Wage Motion").

35. All of the facts set forth in the Wage Motion are true and correct to the best of my knowledge, information and belief.

36. Attached to the Wage Motion as Exhibit "A" is a true and correct copy of a list of the net pay received by the employees for the period ending August 15, 2019.

37. Through the end of August 2019, the Debtor's employees were covered by HMSA for health/vision and drug, and HDS for dental. The payments to HMSA and HDS are paid each calendar month in advance. To the extent relief is needed to maintain these benefits, Debtor seeks authority to pay any pre-petition claims for said benefit payments, and to pay ProService Hawaii an amount not to exceed $700.00 for August 30, 2019 payroll processing fees.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: San Francisco, California, August 27, 2019.

_____
Sivapriya Vijayakumar