

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>IBIS Networks, Inc.,<br><br>    Debtor and<br>    Debtor-in-possession. | Bk. No. 19-01083<br>(Chapter 11)<br><br>Hearing<br>Date:   February 24, 2020<br>Time:   2:00 p.m.<br>Judge:  Hon. Robert J. Faris<br><br>[Relates to Docket Nos. 85, 111] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION DATED JANUARY 13, 2020**

The hearing on confirming ("Confirmation Hearing") the *Debtor's Combined Plan Of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization dated January 13, 2020* filed herein as docket #85 (the "Plan")[1] was held on February 24, 2020, at 2:00 p.m., before the Honorable Robert J. Faris,

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

United States Bankruptcy Judge for the United States Bankruptcy Court ("Court") for the District of Hawaii. Appearances were as noted in the record.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. IBIS Networks, Inc. ("Debtor") is the debtor and debtor-in-possession in Chapter 11 case no. 19-01083, which was commenced with the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on August 27, 2019 ("Chapter 11 Case") in this Court.

2. The Debtor is a small business debtor within the meaning of section 101(51D) of the Bankruptcy Code.

3. On January 13, 2020, the Debtor filed the Plan. *See* dkt. # 85.

### Conditional Approval of the Disclosure Statement, Solicitation, and Confirmation Hearing Notice

4. On January 16, 2020, the Court entered that certain *Order Granting Ex Parte Motion For Preliminary Approval For Combined Plan Of Reorganization And Disclosure Statement And Scheduling Combined Disclosure Statement And Confirmation Hearing* ("Solicitation Order") that, among other things, (a)

preliminarily approved the disclosures in the Plan, (b) established February 24, 2020, as the date for the Confirmation Hearing, (c) established procedures for soliciting and tabulating votes with respect to the Plan, and (d) established procedures governing the Confirmation Hearing. *See* dkt. # 86.

5. In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest: (a) the Plan, (b) the notice of the Confirmation Hearing; and (c) with respect to those holders of claims or interests in classes entitled to vote under the Plan, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before January 17, 2020. *See* dkt. ## 93-102. Such service is adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

6. On February 7, 2020, the Office of the U.S. Trustee filed the *United States Trustee's Limited Objection to [the Plan]* (the "UST Objection"). *See* dkt. # 110. No other objections to the Plan were filed.

7. On February 14, 2020, the Debtor filed its (1) *Confirmation Brief for the [Plan]*; and (2) the *Declaration of Sivapriya Vijayakumar in Support of Confirmation of Plan*. *See* dkt. ## 111, 112, 113.

8. On February 14, 2020, the Debtor also filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results

of the ballot tabulation ("Ballot Tabulation") for the Classes of Claims entitled to vote to accept or reject the Plan. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

9. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

10. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

11. To the extent not resolved or withdrawn, all objections to the confirmation of the Plan are overruled in all respects.

**Bankruptcy Code Requirements For Confirmation and Classification**

12. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such

U.S. Bankruptcy Court - Hawaii   #19-01083   Dkt # 117   Filed 03/02/20   Page 4 of 17

Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

13. The Plan specifies that Class 1 is not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

14. The Plan designates that Classes 2, 3, 4, 5, 6 and 7 are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code. Class 6 is deemed to reject the Plan as holders of Class 6 Claims receive receiving nothing under the Plan.

15. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 2, 3, 4, 5 and 7. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

16. As set forth in the Ballot Tabulation and clarified in the record, Classes 2, 3, 4, 5 and 7 voted to accept the Plan, pursuant to section 1126(c) of the Bankruptcy Code.

## Treatment of Secured Claims

17. The holder of the Allowed Secured Claim (Class 2) will receive at least as much as it would receive in a case under chapter 7 with respect to those Secured Claims. The Treatment of Class 2 is fair and equitable and does not

unfairly discriminate against said Classes. The holder of the Allowed claim in Class 2 will retain its liens under the Plan and will receive the New Equity (*i.e.*, 800,000 shares of common stock in the Reorganized Debtor) as of the Effective Date of the Plan.

## Unsecured Claims

18. The holders of Allowed General Unsecured Claims (Class 3), Allowed Noteholder Claims (Class 4), and Allowed Pappas Pre-Petition Unsecured Claims (Class 5) will receive more than they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 0% of their total claim amount. Holders of Allowed Claims in Class 3 will receive approximately 8.5% of their Allowed Claims under the Plan. Holders of Allowed Claims in Class 4 will receive approximately 5% of their Allowed Claims under the Plan. Holders of Allowed Claims in Class 5 will also receive a Pro Rata share of the Options under the Plan. As a result, holders of Allowed Claims in Classes 3, 4, and 5 will receive as much under the Plan than in a case under chapter 7.

## Subordinated Claims

19. The holder of Allowed Subordinated Claims (Class 6) will not receive any consideration under the Plan.

## Equity Interests

20.     Allowed Equity Interest in Class 7 will receive a pro rata share of the Options under the Plan.

21.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

22.     The Plan provides adequate and proper means for the Plan's implementation through the funding of the DIP Loan up to its limit, continued operations and additional financing to purchase additional inventory and further develop its product.

23.     The Debtor has demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases.

24.     The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

25.     All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

U.S. Bankruptcy Court - Hawaii    #19-01083    Dkt # 117    Filed 03/02/20    Page 7 of 17

26. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

27. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

28. This Bankruptcy Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

## Confirmation Requirements

## Section 1129(a)

29. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

    (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

(f) Section 1123(a)(6) does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identities of the President and the Chief Technology Officer of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtor submitting it as proponent, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

30. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

    (a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

    (b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

    (c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

31. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

32. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

### Section 1129(a)(4)

33. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

### Section 1129(a)(5)

34. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as the President and Chief Technology Officer of the Reorganized Debtor as of the Effective Date has been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

### Section 1129(a)(6)

35. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

### Section 1129(a)(7)

36. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8)

37. Class 1 is conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 2, 3, 4, 5 and 7 are impaired and have voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Class 6 is conclusively presumed to reject the Plan under section 1126(g) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

### Section 1129(a)(9)

38. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

39. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

### Section 1129(a)(11)

40. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

41. In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Debtor need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Debtor need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

## Section 1129(a)(12)

42. All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## Section 1129(a)(13)

43. Section § 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

44. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code section § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

45. Based on the record before the Court in this Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions

of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

46. The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

47. The information contained in the Plan and in Exhibit "1" thereto contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

48. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

49. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

50. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts.

Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

51. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section VII.3 of the Plan and Bankruptcy Code section 1142. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

52. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

53. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

54. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:


/s/ Neil J. Verbrugge
NEIL J. VERBRUGGE, ESQ.
Counsel for Office of U.S. Trustee



Submitted by:

CHOI & ITO
Attorneys at law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: cchoi@hibklaw.com;
aito@hibklaw.com

Counsel for Debtor and Debtor In Possession